[PHILADELPHIA, APRIL 29TH, 1839.]

## HASTINGS *against* BARRINGTON.

The protest of a notary public is admissible in evidence, under the act of 1815, however insufficiently or defectively the facts may be stated with respect to demand and notice. The question of the sufficiency arises afterwards.

ERROR to the District Court for the City and County of Philadelphia.

Charles Barrington brought an action of assumpsit against John Hastings, on a promissory note, drawn by Gillingham, Mitchell, & Co., dated Philadelphia, 21st of December, 1831, at four months, in favour of and endorsed by the defendant, for one thousand and thirty dollars and twenty-five cents.

At the trial before PETTIT, President, on the 9th of November, 1837, the plaintiff, in order to prove a demand on the makers, and notice to the endorser, offered in evidence a protest by H. G. Freeman, a notary public, dated the twenty-fourth of April, 1832, as follows :

" Be it known that on the day of the date hereof, I, Henry G. Freeman, Notary Public for the Commonwealth of Pennsylvania, residing in the city of Philadelphia, by lawful authority duly commissioned and sworn, at the request of Messrs. Yates & M'Intyre, presented the original note, whereof a true copy is above written, at the place of business of Messrs Gillingham, Mitchell and Co., the makers of the same, and demanding payment, I received for answer from a man whom I saw there in attendance, that the said note could not be paid at present, wherefore I notified the endorser of the nonpayment thereof," &c.

The defendant's counsel objected to the admission of the said protest, for the purposes for which it was offered, insisting that it

(Hastings v. Barrington.)

was not evidence for either, and ought not to be read to the jury; but the learned judge admitted it and the defendant excepted.

The jury found for the plaintiff, and the record having been removed to this Court, the following error was assigned:

" That the Court below admitted the protest set forth in the bill of exceptions, to be read to the jury, as evidence of the demand at maturity of payment of the note upon which the action was brought from the drawers, of its nonpayment by them when so demanded, and of notice thereof to the endorser, though no facts are set forth in said protest constituting such demand and notice."

Mr. *Ingraham* for the plaintiff in error.

What amounts to notice in point of fact, is not a difficult matter to understand, when there is any fact to judge by; and here it becomes of more importance, that the evidence or testimony upon which the refusal of the drawer to pay at maturity, was made known to the endorser, should be explicit, when it is *exparte* entirely. Now here in the first place, there is almost an impossibility to get at the facts as to the presentment and demand of payment. First, It was a day too late to charge the endorser. How does it appear, except by the decision of the notary, that where he presented the note, was the "place of business of M. G. & Co." What place was it? Their counting-house or kitchen? it does not appear. Where was it? in Philadelphia, New York, Boston or Baltimore? From whom did he demand payment—from the drawers? he does not say. At what hour of the day did he go? The assertion covers any hour. *Goldsmith* v. *Bland*, (*Chitty on Bills*, 219, n. 9.) He says he received for answer, from a man "whom he saw there in attendance," (i. e. waiting there,) "wherefore," (i. e. for which reason,) he "notified," (i. e. made known) the endorser of the non-payment thereof." Now that he did so, appears by no fact stated by him. The act of assembly makes the notary's protest evidence of the facts set forth in it, but he states the result—the legal result—of the facts he should have stated, and he is not the judge of that. He should set forth what he did, or his assertion is not evidence. How did he give notice to the endorser; did he write him a note? Did he go and tell him? Did he do it at all? Who can say how, from any fact, that he did it at all? So that there was nothing to leave to the jury. *Stewart* v. *Allison*, (6 *Serg. & Rawle*, 324,) should make us more careful. In *M'Gee* v. *The Northumberland Bank*, (5 *Watts*, 32,) all the facts are stated.

Mr. *G. M. Wharton*, contra.

The act of 1815, makes the official acts of notaries evidence.

(Hastings *v.* Barrington.)

The notary's certificate is only *prima facie* evidence. The defendant might have called him or contradicted him. It was a question altogether for the jury, and so it is decided in *M'Gee* v. *The Northumberland Bank.* No evidence at all was given on the part of the defendant.

The opinion of the Court was delivered by

SERGEANT, J.—The objections which have been made to this protest, go rather to its contents than its admissibility. The act of assembly of the 2nd of January, 1815, declares, that all protests of notaries public, if certified according to law, under their hands and seals of office, may be read in evidence of the facts therein certified: provided that any party may be permitted to contradict the certificate by other evidence. There were certainly facts stated in this protest; and whether these facts were insufficient, or defectively stated, were questions to arise after the instrument should be read to the jury. They were not sufficient in the first instance to prevent its admissibility under the act of assembly.

Judgment affirmed.